**PUBLIC SERVICE COMMISSION,**
Appellant,

v.

**WARREN COUNTY WATER DISTRICT, Appellee.**

Court of Appeals of Kentucky.

Sept. 24, 1982.

William M. Sawyer, Paul M. Cupp, Public Service Com'n, Frankfort, for appellant.

Charles E. English, Keith M. Carwell, English, Lucas, Priest & Owsley, Bowling Green, for appellee.

Before COOPER, HOGGE and VANCE, JJ.

HOGGE, Judge.

On December 1, 1980, the Warren County Water District filed an application with the Public Service Commission for authority to increase its rates for sewerage service by $33,386 annually. The Commission granted an increase of $24,898 over existing rates. In making its order, the Commission concluded that the allowance for depreciation expense should be computed on the basis of the original cost of the utility plant in ser-

vice less contributions in aid of construction. The Water District filed a motion for rehearing, alleging (among other things) that the Commission had erred in not allowing depreciation on contributed property. The motion for rehearing was denied. The Warren County Water District then filed a complaint in Franklin Circuit Court challenging the Commission Order. The Franklin Circuit Court, having determined that no evidence was in the record on the issue of the allowability of depreciation expense on contributed property, entered an order remanding the case to the Public Service Commission for the taking of evidence on that issue. This proceeding is an appeal from that order by the Public Service Commission.

The Public Service Commission contends that the circuit court erred in remanding the case to the Commission with directions to take additional evidence before the merits of the case were considered when no newly-discovered evidence was presented to the Court. The Commission cites the provisions of KRS 278.440, with regard to the action being decided only on the transcript of evidence heard by the Commission, as well as requirements that a rate order be set aside only if it is unlawful or unreasonable.

We have recently rendered a decision in the case of *Utility Regulatory Commission v. Kentucky Water Service Company, Inc.,* Ky.App., 642 S.W.2d 591 (1982) which involves an issue almost identical to the issue in the case before us. In that case, as in this one, the public utility company did not have an opportunity to be heard and to introduce evidence as to the issues underlying one of the determinations of the regulatory commission. This situation arose because the company was not aware, prior to issuance of the commission order, of the issue under consideration and the action contemplated. In both instances, petitions for rehearing were denied.

For reasons cited in the opinion in *Utility Regulatory Commission v. Kentucky Water Service Company, Inc.,* we believe that the Water District had the right to a meaningful opportunity to be heard as to the issue of the allowability of depreciation expense on contributed property, and nothing contained in the provisions of KRS 278.440 or 278.410 changes that conclusion. We hold that the circuit court did not err in remanding the case back in order that both parties might introduce evidence on that issue.

The judgment of the Franklin Circuit Court is affirmed.

COOPER, J., concur.

VANCE, Judge, concurring.

The procedures of the commission in this and the related case of *Utility Regulatory Commission v. Kentucky Water Services, Inc.,* Ky.App., 642 S.W.2d 591 (1982) are disturbing to me. Both cases were remanded to the commission by the circuit court because the record contained absolutely no evidence on an issue decided by the commission. It is understandable that a trial judge would find difficulty in reviewing the reasonableness of a finding or conclusion when the record does not contain any evidence relating to the issue.

In this case, the water district offered evidence of the cost of its plant and equipment, including the cost of contributed property. Apparently the commission made no attack nor offered any evidence that contributed property could not be used for depreciation purposes. The decision disallowed the depreciation on the contributed property.

The briefs do not suggest what evidence might be relevant to this issue on remand but if some factual determination is to be made the water district should have been put on notice that its depreciation expense as to contributed property was in question and it would then have had an opportunity to present any evidence it had in support of its position.